IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| BARBARA G. DAUVEN and<br>THEODORE E. DAUVEN, | 09-CV-305-PK |
| Plaintiffs, | ORDER |
| v. | |
| GEORGE FOX UNIVERSITY; GEORGE FOX<br>UNIVERSITY GRADUATE DEPARTMENT<br>OF COUNSELING; KARIN JORDAN; JAMES<br>WORTHINGTON; ANNA BERARDI, f/k/a ANITA<br>MAHER; RAND MICHAEL; MARY ELLEN<br>LANGSTON; MELISSA OWENS; DEPAUL<br>ADULT DRUG AND ALCOHOL TREATMENT<br>CENTER; and JOHN DOE DEFENDANTS, | |
| Defendants. | |

BROWN, Judge.

Magistrate Judge Paul Papak issued Findings and Recommendation (#102) on December 3, 2010, in which he recommends this Court deny the Motion (#70) for Partial Summary Judgment filed by Defendants De Paul Adult Drug and Alcohol Treatment

1 - ORDER

Center, Inc.; Mary Ellen Langston; and Melissa Owens (DePaul Defendants).  The Magistrate Judge also recommends this Court grant in part and deny in part the Motion (#76) for Summary Judgment filed by Defendants George Fox University; George Fox University Graduate Department of Counseling; Karin Jordan James Worthington; Anna Berardi (a/k/a/ Anita Maher); and Rand Michael (George Fox Defendants).

The Magistrate Judge also recommends the Court to construe Plaintiffs' Amended Complaint (#77), which was filed without leave of Court, as an informal motion seeking leave to amend the Complaint and a proposed amended complaint; the Court to construe the DePaul Defendants' Motion (#81) to Strike as a response to Plaintiffs' informal motion to amend; and the Court to grant Plaintiff's informal motion for leave to amend and to permit Plaintiffs to file a second amended complaint consistent with this Order.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report.  28 U.S.C. § 636(b)(1).  *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

2 - ORDER

Plaintiffs object to the Magistrate Judge's Findings and Recommendation with respect to the grant of summary judgment against Plaintiffs' Fourteenth Cause of Action for an unlawful deprivation of Plaintiff Theodore Dauven's property and Fifteenth Cause of Action for Negligent Infliction of Emotional Distress as to Theodore Dauven.  In its Objections, Plaintiffs recite the procedural history of these Motions and do not state any factual or legal grounds for their Objections.  In effect, Plaintiffs merely object and assert that, as *pro se* litigants, dismissal of Theodore Dauven's claims will diminish Plaintiffs' rights.

I.    **Plaintiffs' Fourteenth Cause of Action (Property Claim).**

Theodore Dauven asserts he was wrongfully deprived of a property interest in the graduate degree that Plaintiff Barbara Dauven was seeking through Defendants and in the income that she would have earned as a result of obtaining her degree.  As the Magistrate Judge noted, even though some courts have recognized a student's right not to be deprived of her degree at a public institution without due process, there is not any authority to extend such rights to a student's spouse nor to apply such constitutional protections to private institutions such as George Fox or DePaul.  *See, e.g.*, *Merrow v. Goldberg*, 674 F. Supp. 1130, 1132-33 (D. Vt. 1986).  Moreover, as the George Fox Defendants point out, Oregon law does not provide any legal basis for recovery of such damages.

3 - ORDER

The George Fox Defendants contend Theodore Dauven's claim is most closely related to a common-law claim for loss of consortium or for loss of the benefits of marriage, but Oregon courts do not permit lost-income damages under the law of consortium. *See Axen v. Am. Home Prods. Corp. Ex rel. Wyeth Ayesrt Lab.*, 158 Or. App. 292, 309-11 (1999).

In any event, Plaintiffs have not cited any legal authority to support their Fourteenth Cause of Action for wrongful deprivation of property, and the Court does not find any basis to alter the Magistrate Judge's Recommendation on this ground.

## II. Plaintiffs' Fifteenth Cause of Action (Negligent Infliction of Emotional Distress Claim).

Plaintiff Theodore Dauven also asserts he suffered severe emotional and physical injury as a result of Barbara Dauven's wrongful expulsion from her degree program. In their Complaint, however, Plaintiffs did not assert Theodore Dauven suffered any physical injury as a result of Defendants' actions.

The Magistrate Judge concluded there was not a genuine issue of material fact as to any physical injury suffered by Theodore Dauven as a result of his wife's expulsion. Despite Plaintiffs' claim that there is "significant evidence that Theodore Dauven suffered physical . . . health problems as the result of Defendants' actions," the Court agrees with the Magistrate Judge that the record only contains evidence that Theodore Dauven was in poor health when Barbara Dauven began her degree program

4 - ORDER

rather than evidence that he suffered further physical harm as a result of Defendants' actions. In any event, Plaintiffs contend in their Response that physical injury is not required to establish a claim for negligent infliction of emotional distress.

Oregon law provides certain exceptions to the general rule that there is not any liability in ordinary negligence for emotional distress:

> We begin with negligent infliction of emotional distress. In light of the general rule that there can be no liability in ordinary negligence except for actual, physical harm, it would seem to follow that-by definition-there could be no liability for infliction of emotional distress. Under Oregon law, however, the courts have fashioned exceptions to the general rule. First, the courts have determined that there can be recovery for the infliction of emotional distress that was caused by something more than ordinary negligence; that is, a plaintiff can recover damages for emotional distress that was caused either intentionally or by violation of some duty over and above the duty to avoid foreseeable risk of harm, for example, a duty arising from a special relationship. *See generally Hammond*, 312 Or. at 22-23, 816 P.2d 593 (describing liability for emotional distress caused intentionally or by violation of heightened duty of care).
>
> Second, and more pertinent to this case, the courts have recognized claims for emotional distress caused by ordinary negligence, but only if the distress is accompanied by physical impact. Thus, for example, in *Hammond*, the Supreme Court held that a wife could not recover for negligent infliction of emotional distress caused by a negligent response to a 9-1-1 call that resulted in physical harm to her husband, but

5 - ORDER

> not to her.  *See also Simons*, 188 Or. App. at
> 375, 72 P.3d 96 (stating general rule
> requiring physical impact); *Chouinard v.
> Health Ventures*, 179 Or. App. 507, 515, 39
> P.3d 951 (2002)(no recovery for emotional
> distress caused by failure to initially
> diagnose cancerous tumor in the absence of
> manifest physical impact); *McCulloch v. Price
> Waterhouse LLP*, 157 Or. App. 237, 252, 971
> P.2d 414 (1998)(plaintiff could not recover
> from accountant for emotional distress caused
> by his negligence); *Flowers v. Bank of
> America*, 67 Or. App. 791, 794, 679 P.2d 1385
> (1984)(plaintiff could not recover for
> emotional distress caused when restaurant
> negligently failed to honor his credit card).

*Lowe v. Phillip Morris USA, Inc.*, 207 Or. App. 532, 551 (2006). The record does not contain any evidence that Defendants intended to cause Theodore Dauven emotional distress nor, as noted, that Defendants caused any physical harm to Theodore Dauven.

Thus, on this record and in light of the court's holding in *Lowe*, the Court declines to alter the Findings and Recommendation on this ground.

In summary, this Court has carefully considered Plaintiff's Objections and concludes they do not provide a basis to modify the Findings and Recommendation.  The Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation.

For those portions of the Findings and Recommendation to which Plaintiffs have not objected, the Court is relieved of its obligation to review the record *de novo*.  *United States v.* Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).  *See also*

6 - ORDER

United *States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988). Having reviewed the legal principles *de novo*, the Court does not find any error.

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#102).

Accordingly, the Court **DENIES** the Motion (#70) for Partial Summary Judgment by the DePaul Defendants.  The Court **GRANTS in part** the Motion (#76) for Summary Judgment by the George Fox Defendants with regard to the following claims by Plaintiffs: Title IX gender discrimination (First Cause of Action) only as to Karin Jordan, Rand Michael, and Anna Barardi; Title IX gender discrimination (Eighth Cause of Action); Title IX gender discrimination (Ninth Cause of Action); age discrimination (Tenth Cause of Action); breach of implied contract (Third Cause of Action); conversion (Sixth Cause of Action); negligence (Fifth Cause of Action); property (Fourteenth Cause of Action); and negligent infliction of emotional distress (Fifteenth Cause of Action).  The Court **DENIES in part** the Motion (#76) for Summary Judgment by the George Fox Defendants with respect to the following claims by Plaintiffs:  Title IX gender discrimination (First Cause of Action) with respect to George Fox University and the George Fox University Graduate Department of Counseling;

7 - ORDER

breach of contract (Fourth Cause of Action); and bad faith (Second, Seventh, and Eleventh Causes of Action).

In light of the fact that there are claims remaining to be litigated, the Court construes Plaintiff's Amended Complaint (#77) as a Motion for Leave to File an Amended Complaint and construes the DePaul Defendants' Motion (#81) to Strike as a Response thereto.  In the exercise of the Court's discretion, the Court **GRANTS** Plaintiff's Motion (#77) for Leave to Amend and permits Plaintiffs to file a second amended complaint consistent with this Order **no later than April 8, 2011**.

IT IS SO ORDERED.

DATED this 15th day of March, 2011.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

8 - ORDER