IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


BARBARA G. DAUVEN,                              3:09-CV-305-BR

            Plaintiff,                          ORDER

v.

GEORGE FOX UNIVERSITY, GEORGE FOX
UNIVERSITY GRADUATE DEPARTMENT
OF COUNSELING, MARY ELLEN
LANGSTON, MELISSA OWENS, and
DEPAUL ADULT DRUG AND ALCOHOL
TREATMENT CENTER,

            Defendants.


BARBARA G. DAUVEN
15532 SW Pacific Hwy C1B, #408
Tigard, OR 97224
(503) 724-2145

            Plaintiff, *Pro Se*

CURTIS M. BURNS

1  -  ORDER

**DAVID R. FOSTER**
**ANDREW D. GLASCOCK**
Hiefield Foster & Glascock
6915 S.W. Macadam Avenue, Suite 300
Portland, OR 97219
(503) 501-5430

                Attorneys for Defendants George Fox University and
                George Fox University Graduate Department of
                Counseling

**LEE S. ARONSON**
**GUY E. KEATING**
**LEANN MCDONALD**
Schulte Anderson Downes Aronson Bittner, PC
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204-3379
(503) 223-4131

                Attorneys for Mary Ellen Langston, Melissa Owens,
                and DePaul Adult Drug and Alcohol Treatment Center

**BROWN, Judge.**

    On May 17, 2012, the Court held a pretrial conference with the parties in advance of the jury trial scheduled to begin on August 28, 2012.  The Court heard argument on Defendants' Motions (#189, #190) in Limine and ruled on each Motion as set out on the record, and thereafter on June 4, 2012, the Court issued an Order (#199) as an aid to the parties in which the Court summarized its rulings as to the Motions in Limine and set out the Court's preliminary rulings as to the elements of each of Plaintiff's claims.

    Specifically as to Plaintiff's purported claim of "bad

2 - ORDER

faith" against George Fox University and George Fox University

Graduate Department of Counseling (GFU Defendants), the Court

stated:

> The Court is not clear as to the nature of
> Plaintiff's bad-faith claim against GFU
> Defendants.  There is not any "bad-faith"
> tort *per se* under Oregon law nor any separate
> claim for "bad-faith" breach of contract.
> Accordingly, the Court defers development of
> the elements of this claim pending further
> discussion with the parties at the next
> pretrial conference.  In the meantime, the
> Court **directs** the parties to confer and to
> include with the joint statement **due June 15,
> 2012**, regarding the contract claim a separate
> statement as to the status of their
> discussions regarding this Third Claim.

On June 1, 2012, Plaintiff filed her "Memorandum in Support

of Plaintiff's Breach of the implied Covenant of Good Faith (Bad

Faith)" (#201) in which she contends she can bring a claim for

breach of contract based, in part, on a breach of the implied

covenant of good faith and fair dealing and a separate claim for

bad faith.

On June 15, 2012, GFU Defendants filed a joint statement

(#205) in which the parties clarified the nature of Plaintiff's

breach-of-contract claim, but they continued to disagree as to

the nature of Plaintiff's bad-faith claim.  GFU Defendants

contend Plaintiff's claim for breach of the covenant of good

faith and fair dealing is a subset of her breach-of-contract

claim, and, therefore, these "claims" should be treated as a

single claim.  In addition, GFU Defendants maintain there is not

3   -   ORDER

any basis under Oregon law for a separate bad-faith claim.

As the Court noted in its Order issued on June 4, 2012, under Oregon law there is not any bad-faith tort or bad-faith breach-of-contract claim.  Although Plaintiff successfully established during the summary-judgment stage of these proceedings that the relationship between a student and a learning institution sounds in contract (*see Tate v. North Pacific College*, 70 Or. 160(1914)) and that a claim for breach of contract is cognizable in the particular circumstances of this matter, Plaintiff has not established any legal basis for a separate bad-faith claim.  Accordingly, Plaintiff will be permitted to proceed to trial on her breach-of-contract theories but not on a separate, stand-alone claim for bad faith.

It appears, therefore, Plaintiff has the following breach-of-contract claims to present:

1.    GFU Defendants allegedly breached their own guidelines and procedures set out in the Graduate Student Handbook relating to Plaintiff's "internship skills and ethical problems" in particular respects, and

2.    GFU Defendants allegedly breached the covenant of good faith and fair dealing by acting arbitrarily and not in good faith when they decided to expel Plaintiff from the graduate counseling program.

At the hearing on July 19, 2012, the parties should be

4   -   ORDER

prepared to present their arguments as to elements of these breach-of-contract claims after which the Court will determine finally the elements and burdens of proof as to those claims in anticipation of trial.

IT IS SO ORDERED.

DATED this 9th day of July, 2012.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

5 - ORDER