IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA G. DAUVEN, | 3:09-CV-305-BR |
| Plaintiff, | ORDER |
| v. | |
| GEORGE FOX UNIVERSITY, GEORGE FOX UNIVERSITY GRADUATE DEPARTMENT OF COUNSELING, MARY ELLEN LANGSTON, MELISSA OWENS, and DEPAUL ADULT DRUG AND ALCOHOL TREATMENT CENTER, | |
| Defendants. | |

BARBARA G. DAUVEN
15532 SW Pacific Hwy C1B, #408
Tigard, OR 97224
(503) 724-2145

        Plaintiff, *Pro Se*

CURTIS M. BURNS

1 - ORDER

**DAVID R. FOSTER**
**ANDREW D. GLASCOCK**
Hiefield Foster & Glascock
6915 S.W. Macadam Avenue, Suite 300
Portland, OR 97219
(503) 501-5430

>Attorneys for Defendants George Fox University and George Fox University Graduate Department of Counseling

**LEE S. ARONSON**
**GUY E. KEATING**
**LEANN MCDONALD**
Schulte Anderson Downes Aronson Bittner, PC
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204-3379
(503) 223-4131

>Attorneys for Mary Ellen Langston, Melissa Owens, and DePaul Adult Drug and Alcohol Treatment Center

**BROWN, Judge.**

The Court hereby provides the following trial advice notice to Plaintiff Barbara G. Dauven, *pro se* litigant, in advance of trial on August 28, 2012.

Although some accommodations are made to ensure equal access to justice, *pro se* litigants are expected to comply with the Court's rules of procedure and decorum, and *pro se* parties are held to the same standard as practicing attorneys.  The Court's public website www.uscourts.gov has some helpful information regarding representing yourself.  When you are on the public website, choose "For the Public" on the blue tool bar and then

2  -  ORDER

"Representing Yourself" located on the left side under "Public Menu."  This website includes, the District Court's Local Rules, a Guide to Self-Representation, an online copy of the Federal Rules of Civil Procedure, and an online copy of the Federal Rules of Evidence.  In addition, the Oregon State Bar's Guide to *Pro Se* Representation for self-represented parties are available on the website.

As already noted in numerous orders, the Court has or will determine each of the elements of Plaintiff's claims for which she must provide admissible evidence at trial in order for any of Plaintiff's claims to be submitted to the jury.  Plaintiff should rely on the Court's rulings in preparation for the presentation of her evidence at trial.

Plaintiff must prove each of the elements of her claims by a preponderance of the evidence.  "Preponderance of the evidence" means the greater weight of evidence.  It is such evidence that, when weighed with that opposed to it, has more convincing force and is more probably true and accurate.

The admissibility of evidence is governed by the Federal Rules of Evidence, and Plaintiff's exhibits as well as the under-oath testimony given by her witnesses and by Plaintiff are subject to objection and, ultimately, exclusion by the Court based on those Rules.

Admissible evidence from which a jury may decide the facts

at trial consists of:

1. The sworn testimony of witnesses;
2. The exhibits which have been received into evidence; and
3. Any facts to which the parties have agreed in the Pretrial Order.

Evidence may be direct or circumstantial.

Direct evidence is the direct proof of a fact such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is indirect evidence -- that is, the proof of one or more facts from which a jury could conclude another fact was proved in the light of reason, experience, and common sense.

Thus, by the time Plaintiff rests her case-in-chief, she must have offered sufficient admissible evidence as to each element of each of her claims in order for the Court to find that the totality of Plaintiff's evidence, when viewed in the light most favorable to her (*i.e.*, when assumed to be true), is sufficient to prove her claims. If any Defendant moves for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50 at the close of Plaintiff's case and if the Court finds Plaintiff has failed to prove any element of any of her claims so that no reasonable juror could find that element(s) in Plaintiff's favor, the Court will dismiss any such claim(s), and,

therefore, a jury will not be permitted to deliberate as to such claim(s).

    Plaintiff should plan her evidence accordingly.

    IT IS SO ORDERED.

    DATED this 10th day of July, 2012.

                                            /s/ Anna J. Brown

                                        ANNA J. BROWN
                                        United States District Judge