IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BARBARA G. DAUVEN,** | 3:09-CV-305-BR |
| Plaintiff, | ORDER |
| v. | |
| **GEORGE FOX UNIVERSITY, GEORGE FOX UNIVERSITY GRADUATE DEPARTMENT OF COUNSELING, MARY ELLEN LANGSTON, MELISSA OWENS, and DEPAUL ADULT DRUG AND ALCOHOL TREATMENT CENTER,** | |
| Defendants. | |

**BARBARA G. DAUVEN**
15532 SW Pacific Hwy C1B, #408
Tigard, OR 97224
(503) 724-2145

       Plaintiff, *Pro Se*

**CURTIS M. BURNS**
**DAVID R. FOSTER**
**ANDREW D. GLASCOCK**
Hiefield Foster & Glascock
6915 S.W. Macadam Avenue, Suite 300
Portland, OR 97219
(503) 501-5430

       Attorneys for Defendants George Fox University and
       George Fox University Graduate Department of
       Counseling

1 - ORDER

**LEE S. ARONSON**
**GUY E. KEATING**
**LEANN MCDONALD**
Schulte Anderson Downes Aronson Bittner, PC
811 S.W. Naito Parkway, Suite 500
Portland, OR 97204-3379
(503) 223-4131

              Attorneys for Mary Ellen Langston, Melissa Owens,
              and DePaul Adult Drug and Alcohol Treatment Center


**BROWN, Judge.**

    On July 19, 2012, and again on August 9, 2012, the Court held pretrial conferences with the parties in advance of the jury trial scheduled to begin on August 28, 2012.

    The Court heard additional argument, *inter alia*, on the Motion (#189) in Limine by Defendants Mary Ellen Langston, Melissa Owens, and DePaul Adult Drug and Alcohol Treatment Center (DePaul Defendants).  Specifically the Court heard additional argument on  DePaul Defendants' second Motion in Limine to exclude evidence and/or argument that Defendants Melissa Owens and Mary Ellen Langston were not qualified as certified site supervisors during Plaintiff's internship with DePaul.  At the hearing on May 17, 2012, the Court deferred ruling on that Motion to permit the parties to provide the Court with additional briefing.

    DePaul Defendants move the Court to exclude any evidence or argument that Owens or Langston (1) were unlawfully serving as

2 -   ORDER

site supervisors for DePaul Adult Drug and Alcohol Treatment Center because they did not have the appropriate level of training to satisfy Oregon law governing supervisors in the marriage and family counseling setting and (2) that Owens and Langston were otherwise not qualified to act as site supervisors because they did not meet the standards set out by George Fox University and the George Fox University Graduate Department of Counseling (GFU Defendants).

On June 18, 2012, Plaintiff filed her supplemental Memorandum (#208) "On DePaul Site Supervisor Legal Requirements And GFU/GDC Supervisor Approval" in which she states: (1) the GFU Defendants' Graduate Student Handbook required a student to perform her internship at an approved site and the DePaul site had lost its approval when Plaintiff began her internship; (2) various GFU Defendants' handbooks had different requirements as to the experience required for a site-supervisor (requirements of both three and five years of experience); and (3) Langston and Owens were not qualified to be site supervisors because they did not have three years of post-license experience.

In support of her contention that site supervisors must have three years experience, Plaintiff points to Oregon Revised Statute § 675.715(3), which requires a Licensed Professional Counselor to have "a minimum of three years of full-time supervised clinical experience, or the equivalent, under a

3 - ORDER

board-approved supervisor in a board-approved setting. One year of the supervised clinical experience may be obtained prior to the granting of the master's degree." As DePaul Defendants point out, however, that section applies only to the licensure of professional counselors and not to the requirements for a site supervisor to train and to supervise students.

Plaintiff also points to Oregon Administrative Rules §§ 833-130-0050 and 0070, which also appear to require three years of experience to supervise students or interns. DePaul Defendants, however, note those requirements were not in effect until 2010 and, therefore, were not effective during the period relevant to this matter. DePaul Defendants contend the rules in effect in 2006 required only a license as a professional counselor to supervise students/interns. *See* Or. Admin. R. § 833-020-0050(4). Furthermore, DePaul Defendants maintain § 833-020-0050 under the title of "Experience Requirements for Licensure as a Professional Counselor" applies only to the requirements for obtaining such a licence and do not, in any event, set the qualifications for acting as a site supervisor for training students and interns.

The Court notes Plaintiff is not challenging whether Owens and/or Langston met the licensing requirements as professional counselors. Instead Plaintiff contends on the basis of these rules that Owens and Langston were acting unlawfully as site

4 - ORDER

supervisors because they were not properly trained in accordance with Oregon law.  The Court concludes, however, that § 833-020-0050 does not set out the qualifications for any person to act as a supervisor of students and interns at a site that performs counseling but only states the type of supervision a candidate for a professional counselor's license must have to meet the licensing criteria.  None of the rules cited by Plaintiff sets out any legal requirement to serve as a site supervisor, and the Court is not aware of any such standard.

Accordingly, the Court **GRANTS** DePaul Defendants' Motion in Limine to the extent that **the Court excludes any evidence or argument by Plaintiff that Owens or Langston were unlawfully serving as site supervisors for DePaul Adult Drug and Alcohol Treatment Center.**

As noted, DePaul Defendants also move the Court to exclude any evidence or argument by Plaintiff that Owens and Langston were otherwise unqualified to be site supervisors.  Plaintiff contends, and Defendants acknowledge, the experience required by GFU Defendants for an approved site supervisor in the Graduate Student Handbook (three years post-graduation experience) is different from the Internship Guidelines for Students and Supervisors Handbook (five years post-master's degree experience).  Plaintiff contends Owens and Langston did not meet these experience requirements and that this fact is relevant to

5 - ORDER

both Plaintiff's claim that the GFU Defendants breached the contract formed between Plaintiff and GFU Defendants in the Handbooks and to Plaintiff's tort claim against DePaul Defendants for intentional interference with Plaintiff's contractual relationship with GFU Defendants and her prospective economic relations.

Based on the resumes attached as exhibits to the Declaration (#214) of Guy Keating, DePaul Defendants maintain Langston graduated with a master's degree in Human Development and Psychological Counseling in 1995 and has counseling experience dating back to 1992. *See* Ex. 2. DePaul Defendants also note Owens graduated with a master's degree in Counseling Psychology in 2003 and has counseling experience dating back to 2002. *See* Ex. 3. On this record Langston appears to clearly meet both the three-year and five-year experience standards. Owens appears to meet the three-year standard, but not the five-year standard.

In any event, DePaul Defendants argue that whether Owens and/or Langston met the GFU Defendants' standards is irrelevant to Plaintiff's claims. DePaul Defendants point out that the Graduate Student Handbook places the burden on Plaintiff as an intern to locate an internship site that met GFU Defendants' requirements. Thus, DePaul Defendants maintain they did not owe any duty to Plaintiff to ensure that their site supervisors complied with GFU Defendants' internship requirements. The Court

6 - ORDER

agrees. The Graduate Student Handbook excerpts provided by Plaintiff repeatedly put the onus on the graduate students to ensure that their proposed internship sites meet the GFU Defendants' requirements. Accordingly, the Court does not find a basis to conclude that any discrepancy between Owens's experience and the requirements set out by GFU Defendants is relevant to Plaintiff's tort claim against DePaul Defendants.

With respect to Plaintiff's breach-of-contract claims against GFU Defendants, however, the Court concludes Plaintiff's allegations about Owens's qualifications may have some relevance. Indeed, counsel for the GFU Defendants acknowledged such evidence may bear on the Plaintiff's claim for an alleged breach of the duty of good faith and fair dealing if the jury finds Owens did not meet the appropriate qualifications for a site supervisor but that GFU Defendants, nevertheless, approved the DePaul Adult Drug and Alcohol Treatment Center for Plaintiff's internship. In any event, the Court notes the qualifications of Langston and Owens are relevant to the weight the jury may give to their testimony concerning Plaintiffs' performance during her internship at the DePaul Adult Drug and Alcohol Treatment Center. To that extent, the Court **DENIES** DePaul Defendants' Motion in Limine and concludes Plaintiff may address the qualifications of Langston and Owens in assessing the nature of their opinions of Plaintiff's work during her internship.

7 -   ORDER

At the hearing on August 9, 2012, in light of this analysis, the Court sustained the Objections (#226) of the DePaul Defendants to Plaintiff's Exhibits 78, 79, 80, 81, 84, 85, 86, and 99.

IT IS SO ORDERED.

DATED this 9th day of August, 2012.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge